UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 05-2122(DSD/SRN)

Equal Employment Opportunity
Commission,

        Plaintiff,

v.                                                **ORDER**

KCD Construction, Inc.,

        Defendant.

    Tina Burnside, Esq., EEOC, 330 South Second Avenue, Suite 430, Minneapolis, MN 55401, counsel for plaintiff.

    Tammy P. Friederichs, Esq., Stephen M. Thompson, Esq. and Friederichs & Thompson, P.A., 1120 East 80th Street, Suite 106, Bloomington, MN 55420, counsel for defendant.

This matter is before the court upon plaintiff's motion for partial summary judgment. Based upon a review of the file, record and proceedings herein, and for the reasons stated, the court grants plaintiff's motion.

**BACKGROUND**

This is an employment discrimination action under Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991 ("Title VII").[1] Defendant KCD Construction, Inc. ("KCD"), is

---

[1] Under Title VII, it is unlawful for an employer to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment,
(continued...)

in the business of concrete construction.  Plaintiff is the Equal Employment Opportunity Commission ("EEOC"), an agency of the United States.  The EEOC claims that KCD discriminated against several of its employees and a class of similarly situated Hispanic employees based on national origin.  The EEOC seeks injunctive and compensatory relief, as well as punitive damages.  KCD asserts multiple affirmative defenses including that the EEOC fails to meet the necessary requirements for a class action pursuant to Federal Rule of Civil Procedure 23 ("Rule 23 defense").  EEOC now moves for partial summary judgment on KCD's Rule 23 defense.

**DISCUSSION**

**I.   Summary Judgment Standard**

Rule 56(c) of the Federal Rules of Civil Procedure provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."  See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986)(quoting Fed. R. Civ. P. 56(c)).  "Where

---

(...continued)
because of such individual's ... national origin."   42 U.S.C. § 2000e-2(a)(1).

the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate." Adams v. Boy Scouts of Am.-Chickawaw Council, 271 F.3d 769, 775 (8th Cir. 2001).

**II. Applicability of Rule 12(f)**

As an initial matter, KCD contends that the EEOC's motion pursuant to Rule 56 is improper because a motion to strike pursuant to Rule 12(f) is the appropriate vehicle to dismiss "any insufficient defense." Fed. R. Civ. P. 12(f). A Rule 12(f) motion must be made within twenty days after the service of the challenged pleading. Id. As a result, KCD argues that the court should deny EEOC's motion as untimely under Rule 12.

KCD cites decisions from the Second Circuit and Fifth Circuit Courts of Appeals in support of its argument. However, neither case directly addresses the issue before this court. As to the Second Circuit case, Berstein v. Universal Pictures, Inc., it does not set forth the holding that KCD alleges. See 517 F.2d 976, 979 (2d Cir. 1975). Rather, the court merely noted that the district court had found that Rule 56 was "an inappropriate vehicle for dismissal of affirmative defenses," without reaching the issue itself. Id. at 982 (reversing and remanding on other grounds). Similarly, the Fifth Circuit in United States v. Don B Hart Equity Pure Trust did not directly address the issue that KCD asserts. See 818 F.2d 1246, 1255 (5th Cir. 1987). Rather, the court declined to dismiss as untimely the plaintiff's motions to strike

3

pursuant to Rule 12(f) because the defendant had failed to raise the untimeliness argument before the district court. Id. Indeed, the court affirmed the district court's dismissal of the defendant's affirmative defenses. Id. at 1256.

The Eighth Circuit has affirmed summary judgment on affirmative defenses, which indicates that a Rule 56 motion is an acceptable vehicle to resolve such defenses. See, e.g., Hennepin County v. Aetna Cas. & Surety Co., 587 F.2d 945, 945-46 (8th Cir. 1978) (affirming partial summary judgment of two affirmative defenses); cf. Jankovitz v. Des Moines Indep. Cmty. Sch. Dist., 421 F.3d 649, 652-55 (8th Cir. 2005) (affirming summary judgment in favor of plaintiff because defendant's affirmative defense fails as a matter of law). Moreover, the court must construe and administer the Federal Rules of Civil Procedure "to secure the just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. If maintained through discovery, KCD's Rule 23 defense may require significant time and expense for the parties to resolve. However, if the defense is invalid as a matter of law, then granting the EEOC's motion for summary judgment would serve the Federal Rules' goal of resolving matters in a speedy and inexpensive manner. For all of the above reasons, KCD's argument that Rule 12(f) governs the disposition of the EEOC's motion is rejected.

**III.  Application of Rule 23 to the EEOC**

KCD argues that the EEOC is subject to the requirements of Rule 23 because the EEOC seeks monetary relief in addition to injunctive relief.  In General Telephone Co. v. EEOC, the Supreme Court held that the EEOC is not subject to Rule 23 when it brings an enforcement suit under Title VII.  See 446 U.S. 318, 326 (1980).  KCD argues that the Supreme Court's decision in General Telephone is not applicable because that case involved only equitable relief.  See id. at 321.  At the time the Court decided General Telephone, the EEOC could pursue only equitable relief for Title VII violations.[2]  See 42 U.S.C. § 2000e-5(g)(1) (authorizing court to grant appropriate equitable relief); Gen. Tel., 446 U.S. at 326 (Rule 23 does not apply to EEOC even in light of its ability to secure specific equitable relief on behalf of discrimination victims).  However, the Court did not base its decision regarding Rule 23 upon the relief available under Title VII, but rather focused on the role of the EEOC to vindicate the public interest "albeit at the behest of and for the benefit of specific individuals."  446 U.S. at 326.  Such a focus indicates that the Court's conclusion that Rule 23 does not apply to the EEOC was

---

[2] In 1991, Congress expanded the relief available under Title VII to include compensatory and punitive damages.  See 42 U.S.C. § 1981a (1991).

5

based upon the EEOC's overall function in Title VII cases.  For this reason, the court rejects KCD's argument that the <u>General Telephone</u> decision does not apply to this case.[3]

There is no case in the Eighth Circuit directly on point. However, other federal courts have followed the decision in <u>General Telephone</u> and found that Rule 23 does not apply to the EEOC in Title VII cases even when compensatory damages are sought. <u>See</u> <u>In re Bemis Co.</u>, 279 F.3d 419, 421 (7th Cir. 2002); <u>EEOC v. Dinuba Med. Clinic</u>, 222 F.3d 580, 587 (9th Cir. 2000); <u>cf.</u> <u>EEOC v. W&O, Inc.</u>, 213 F.3d 600, 613 (11th Cir. 2000); <u>EEOC v. Kim & Ted, Inc.</u>, 1995 WL 591451, at *1-2 (N.D. Ill. 1995).  KCD has pointed to no contrary authority.  Based on the Supreme Court's holding in <u>General Telephone</u> and the subsequent agreement among federal courts, the court finds that the EEOC is not subject to the requirements of Rule 23.  Therefore, summary judgment in favor of plaintiff on defendant's Rule 23 defense is warranted.

---

[3] KCD also argues that the Court's later holding in <u>Bazemore v. Friday</u> limited its earlier <u>General Telephone</u> decision.  <u>See</u> 478 U.S. 385 (1986).  Contrary to KCD's argument, however, the Court in <u>Bazemore</u> reaffirmed that in a Title VII case, "the *Government* need not be certified as a representative of the class of alleged victims."  <u>Id.</u> at 406 n. 18 (emphasis in original).  Therefore, KCD's argument is without merit.

**CONCLUSION**

Accordingly, **IT IS HEREBY ORDERED** that plaintiff's motion for partial summary judgment [Doc. No. 7] is granted.

Dated: March 6, 2006

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court